**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| MGH COMMUNITY HEALTH, INC., d/b/a | ) | |
| MGH HOME HEALTH | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.1:06CV01571 |
| | ) | |
| MICHAEL O. LEAVITT,  Secretary | ) | |
| of Health and Human Services, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**DEFENDANT'S CONSENT MOTION FOR LEAVE**
**TO FILE EXTENSION OF TIME IN WHICH TO ANSWER**

Defendant, Michael O. Leavitt, Secretary of Health and Human Services ("the Secretary"), respectfully moves this Court for leave to late-file its Consent Motion For Extension of Time to answer the complaint in the above-captioned matter.  The Consent Motion For Extension of Time is being filed concurrently with this Motion.  Plaintiff, through counsel, has graciously consented to the requested relief.  In support of this motion, the Defendant respectfully states as follows:

Plaintiff filed this action under the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701 et seq., seeking judicial review of an agency decision, which denied Plaintiff's request for certain Medicare reimbursement.  See 42 U.S.C. § 1395oo(f)(1).  According to the Court's docket and the U.S. Attorney's Office's records, service of the complaint was perfected on September 11, 2006, and Defendant's response was due by November 13, 2006.  See, e.g., Document No. 4.  However, due to an oversight, and due to the press of other matters, the

undersigned counsel for Defendant failed to put the due date in their calendars, and therefore
missed the date for responding to Plaintiff's complaint.

The parties will not be prejudiced by the granting of leave to late file as the parties have
already engaged in preliminary settlement negotiations and believe it likely that this matter will
be resolved through settlement without the need for protracted litigation.  Granting leave to late-
file would further preserve government and judicial resources by allowing the opportunity for the
matter to be resolved before extended litigation.  Moreover, should Plaintiff need additional time
in the future, Defendant would consent to a reasonable amount of time.

In any event, pursuant to Fed. R. Civ. P. 55(e), a default judgment may not be entered
"against the United States or an officer or agency thereof unless the claimant establishes a claim
or right to relief by evidence satisfactory to the court."  Defendant submits that at this early stage
Plaintiff's complaint has not on its face demonstrated a right to relief.

Accordingly, Defendant respectfully requests leave to file the attached Motion For
Extension of Time.

Respectfully submitted,


_____/s/_____
JEFFREY A. TAYLOR,
United States Attorney
D.C. Bar No. 498610


_____/s/_____
MEGAN L. ROSE
Assistant United States Attorney
NC Bar No. 28639
Civil Division
555 4th Street, N.W.
Washington, D.C.  20530
(202) 514-7220/FAX: (202) 514-8780

_____

DAVID HOSKINS
U.S. Department of Health and Human Services
Office of the General Counsel
Centers for Medicare and Medicaid Services
330 Independence Ave., S.W., Room 5309
Washington, D.C. 20201

Attorneys for Defendant,
Michael O. Leavitt,
Secretary of Health and Human Services